IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES E. EDWARDS,

        Plaintiff,                    No. CIV S-09-3246 GGH P

   vs.

WARDEN SISTO, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

1	In reviewing a complaint under this standard, the court must accept as true the
2	allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
3	738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
4	and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
5	1843 (1969).

6	The gravamen of this action is plaintiff's claim that he was wrongfully found
7	guilty of a rules violation for refusing to work. According to exhibits attached to the complaint,
8	plaintiff was assessed thirty days of work time credits after being found guilty.

9	In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state
10	prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county
11	officials violated his constitutional rights, he sought damages for improprieties in the
12	investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial
13	("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter
14	charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from
15	custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the
16	complaint and held that:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages
> bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under 1983.

23	Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for
24	damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the
25	conviction or sentence has been invalidated, expunged or reversed. Id.
26	\\\\\

1  In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court
2 held that Heck applies to challenges to prison disciplinary hearings when the nature of the
3 challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.
4 Edwards rejected the Ninth Circuit's holding in Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir.
5 1995) that a claim challenging only the procedures employed in a disciplinary hearing is not
6 barred by Heck.
7  It is clear that plaintiff's disciplinary conviction has not been invalidated,
8 expunged or reversed.  Because plaintiff was assessed time credits as a result of the conviction,
9 which could impact the duration of his sentence, plaintiff is ordered to show cause why this
10 action is not barred by Heck and Edwards.
11  On November 20, 2009, plaintiff filed a motion to join CIV S-08-620 JAM CMK
12 P pursuant to Fed. R. Civ. P. 20.  Plaintiff alleges that his son is the plaintiff in CIV S-08-620
13 JAM CMK P and that he is proceeding on the same claims as plaintiff raises in the instant action.
14  Fed. R. Civ. P. 20 permits persons to join as plaintiffs in other actions if they
15 assert any right to relief jointly and if any question of law or fact is common to all plaintiffs.
16 Because plaintiff wishes to proceed with his own separate action, it does not appear that he seeks
17 to join as a plaintiff in CIV S-08-620 JAM CMK P.  For that reason, the motion to join is denied.
18 If plaintiff seeks to have this action related to CIV S-08-620 JAM CMK P, he may file a motion
19 to relate these cases once he has a colorable complaint on file.
20  In accordance with the above, IT IS HEREBY ORDERED that:
21  1. Plaintiff's request for leave to proceed in forma pauperis (no. 2) is granted.
22  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
23 The fee shall be collected and paid in accordance with this court's order to the Director of the
24 California Department of Corrections and Rehabilitation filed concurrently herewith.
25  3. Plaintiff is granted twenty-eight days from the date of this order to show cause
26 why this action is not barred by Heck and Edwards.  Failure to respond to this order will result in

1  a recommendation of dismissal of this action.

2          4.  Plaintiff's motion to join (no. 3) is denied.

3  DATED: December 7, 2009

                                          /s/ Gregory G. Hollows
                                        UNITED STATES MAGISTRATE JUDGE

8  ed3246.b